IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ELLA L. DAVIS                                                                                          PLAINTIFF

vs.                                       Civil No. 1:12-cv-01023

CAROLYN W. COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ella Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her application for DIB on January 14, 2009.  (Tr. 32, 115).  Plaintiff alleged she was disabled due to left side numbness and pain, back pain, high blood pressure, and congestive heart failure.  (Tr. 51, 169, 177).  Plaintiff alleged an onset date of June 1, 1993.  (Tr. 169).  Plaintiff's application was denied initially and at the reconsideration level.  (Tr. 73-77).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

On May 11, 2009, Plaintiff requested an administrative hearing on her application. (Tr. 80). This hearing was held on March 22, 2010 in Pine Bluff, Arkansas. (Tr. 44-70). Plaintiff was present and was represented by his attorney, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education. (Tr. 48).

On July 23, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 32-40). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 34, Finding 1). The ALJ also determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") from January 1, 2000 through December 18, 2000, and January 1, 2005 through December 18, 2008. (Tr. 34, Finding 2). However the ALJ found there had been a continuous 12 month period during which Plaintiff did not engage in SGA. (Tr. 34, Finding 3).

The ALJ determined Plaintiff had the severe impairments of status post remote history of lumbar surgery, arthralgias, diastolic congestive heart failure, history of valve prolapse, and obesity. (Tr. 34, Finding 4). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 35, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 36-38). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally

credible. (Tr. 35). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for light work. (Tr. 36, Finding 6).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 38, Finding 7). The ALJ determined, considering her RFC, that Plaintiff would be able to perform her PRW as a poultry grader and floor grader. *Id.* Even though the Plaintiff was capable of performing her PRW, the ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 39, Finding 8). The VE testified at the administrative hearing regarding this issue. (Tr. 66-69). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a packing line worker with 29,000 such jobs in the region and 550,000 such jobs in the nation. (Tr. 39). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 1, 1993 through the date of his decision. (Tr. 40, Finding 13).

On August 4, 2010, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 28). *See* 20 C.F.R. § 404.968. On February 22, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-5). On March 8, 2012, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on March 22, 2012. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 7, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

　　It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

　　To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 3-16. Specifically, Plaintiff claims the ALJ erred (1) by failing to give proper weight to the opinions of Plaintiff's treating physician, (2) by failing to properly appreciate Plaintiff's impairments and consider them in combination, (3) by failing in the credibility determination of Plaintiff, (4) by asking an improper hypothetical to the VE, and (5) in his RFC determination of Plaintiff. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ improperly evaluated the opinions of Plaintiff's treating physician, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating

5

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for light work. (Tr. 36, Finding 6). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. Joseph Sarnicki. ECF No. 7, Pgs. 4-7. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 9, Pgs, 4-5.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical

6

assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff was first seen by his treating physician, Dr. Sarnicki, on May 12, 2009. (Tr. 231). Plaintiff complained of spine pain to degenerative disc disease and pain all over her body. *Id.* Dr. Sarnicki indicated Plaintiff had back surgery in 1993. *Id.* Plaintiff returned to see Dr. Sarnicki on May 29, 2009. (Tr. 224). Plaintiff had new complaints of chest pain and radicular pain down her left arm and was referred to a cardiologist. *Id*. Following Plaintiff's referral to a cardiologist, she underwent a left heart catheterization on July 16, 2009. (Tr. 250-255).

Plaintiff returned to Dr. Sarnicki on November 2, 2009. (Tr. 275). Plaintiff had low back pain due to previous herniated nucleus pulposus. *Id.* Plaintiff was also treated for hypertension. *Id.* On January 5, 2010, Plaintiff returned to see Dr. Sarnicki. (Tr. 272). Plaintiff had complaints of shoulder pain and had her blood pressure checked. *Id.* Plaintiff returned to Dr. Sarnicki on February 2, 2010 with similar complaints. (Tr. 278).

Plaintiff argues the ALJ erred in his treatment of the opinions of his treating physician, Dr. Sarnicki. In his opinion, the ALJ stated the following regarding his review of Dr. Sarnicki's treatment of Plaintiff:

> "Joseph Sarnicki, D.O., claimant's general practitioner, opined on October 21, 2009 that the claimant is unable to work (Exhibit 15F2) (TR 270). However, the determination of disability is reserved to the Commissioner under 20 C.F.R. § 416.927(e). This opinion is conclusory, intrudes upon the ultimate issue of disability reserved by regulation to the Commissioner and is unsupported by the objective evidence. **Therefore, the undersigned assigns no weight to this opinion."**

(Tr. 38) (emphasis added).

7

On October 21, 2009, Dr. Sarnicki indicated Plaintiff was being treated for moderately severe hypertensive cardiovascular disease, chronic low back pain secondary to "probable" degenerative disk disease versus herniated disk, atypical chest pain, and arthralgias (joint pains) with positive ANA. (Tr. 270). Dr. Sarnicki indicated Plaintiff was seeing other physicians for these conditions, required multiple medications for these conditions, and he did not believe she was capable of working. *Id.* Dr. Sarnicki gave similar statements when in correspondence dated December 8, 2011, he felt Plaintiff was functionally disabled due to multiple medical and orthopedic problems. (Tr. 292).

Defendant is correct in stating the ALJ was not required to give controlling weight to the opinion of Dr. Sarnicki regarding Plaintiff being "disabled" because opinions that a Plaintiff is disabled or unable to work concern issues reserved for the ALJ. *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). However, in this matter it was error to give Dr. Sarnicki's opinions no weight and to make no other findings or discussion regarding Dr. Sarnicki's treatment of Plaintiff.

In his opinion, the ALJ only mentioned Dr. Sarnicki's report from October 21, 2009. (Tr. 38). He then stated he gave that opinion no weight because it was conclusory, unsupported and intruded on the ultimate issue of disability. *Id.* There was no further discussion or detail given by the ALJ regarding Dr. Sarnicki's other treatment or opinions or the basis for discounting them.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Sarnicki's findings. *See Brown,* 611 F.3d at 951-52.

Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Sarnicki. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Sarnicki. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.